UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SAL BASILE,

                              Plaintiff,

      -against-

MMR DIGITAL, LLC, SPORTSYOU and
BRADFORD MATTHEWS.

                            Defendants.
-----------------------------------------------------------------X

Civil Action No.:

**VERIFIED COMPLAINT**

**Plaintiff Demands
A Trial by Jury**

Plaintiff, by his attorneys, SGARLATO & SGARLATO, PLLC, complaining of the Defendants, allege upon information and belief as follows

## JURISDICTION

1. Jurisdiction exists pursuant to 28 U.S.C. Section 1332 in that the Plaintiff is a citizen and resident of the State of New Jersey; upon information and belief, the Defendant MMR DIGITAL, LLC is a Limited Liability Company duly formed and organized under the laws of the State of New York, Defendant SPORTSYOU maintains its principal place of business in the State of New York, the Defendant BRADFORD MATTHEWS is citizen and resident of the State of New York, and the amount in controversy, exclusive of costs and interest, exceeds Seventy Five Thousand ($75,000.00) Dollars.

## FACTUAL ALLEGATIONS

2.  The Plaintiff, at the time of the institution of this action, was and still is a resident of the State of New Jersey.

3.  Upon information and belief, at all hereinafter mentioned, Defendant MMR DIGITAL, LLC, is a Limited Liability Company duly formed and organized and existing under the laws of the State of New York.

4.  Upon information and belief, at all relevant times, Defendant, MMR DIGITAL, LLC, maintains its principal place of business in the State of New York, in the County of Nassau.

5.  Upon information and belief, the Defendant, SPORTSYOU, at all times hereinafter mentioned, was and still is a domestic corporation formed pursuant to the laws of the State of New York and doing business within the State of New York.

6.  Upon information and belief, the Defendant, SPORTSYOU, at all times hereinafter mentioned, was and still is a foreign corporation authorized to do business within the State of New York.

7.  Upon information and belief, the Defendant, SPORTSYOU, at all times hereinafter mentioned, was and still is a partnership formed pursuant to the laws of the State of New York and doing business within the State of New York.

8.  Upon information and belief, the Defendant, SPORTSYOU, at all times hereinafter mentioned, was and still is a sole proprietorship formed pursuant to the laws of the State of New York and doing business within the State of New York.

9.  Upon information and belief, the Defendant SPORTSYOU maintains its principal place of business in the State of New York, in the County of Nassau.

10. Upon information and belief, Defendant MMR DIGITAL, LLC, does business as Defendant, SPORTSYOU.

11. Upon information and belief, at all times hereinafter mentioned, Defendant BRADFORD MATTHEWS was and still is a resident of the State of New York.

12. Upon information and belief, Defendant BRADFORD MATTHEWS is a member of Defendant MMR DIGITAL, LLC.

13. Upon information and belief, Defendant BRADFORD MATTHEWS is an officer of Defendant MMR DIGITAL, LLC.

14. Upon information and belief, Defendant BRADFORD MATTHEWS is an employee of Defendant MMR DIGITAL, LLC.

15. Upon information and belief, Defendant BRADFORD MATTHEWS is a member of Defendant SPORTSYOU.

16. Upon information and belief, Defendant BRADFORD MATTHEWS is an officer of Defendant SPORTSYOU.

17. Upon information and belief, Defendant BRADFORD MATTHEWS is an employee of Defendant SPORTSYOU.

18. This is an action to recover damages due to breach of contract, unjust enrichment, breach of fiduciary duty, fraudulent misrepresentation, and quantum meruit, with respect to an employment contract between the Plaintiff and the Defendants.

## As and For a First Cause of Action
### (Breach of Contract)

19. On or about the 25th day of October, 2021, Plaintiff entered into a valid and enforceable employment contract with the Defendant MMR DIGITAL LLC, also known as the Defendant, SPORTSYOU.

20. That on or about the 25th of October, 2021, Plaintiff accepted the Defendants job offer for Head of Marketing. Per the terms of the contract, the Defendants would compensate Plaintiff on a base salary in the amount of $6,730.77 per pay period, which on an annualized basis would be equal to $175,000.00.

21. That the contract specifically stated that the Plaintiff was guaranteed employment with the Defendants for a term of twelve (12) months, from the start date of November 15th, 2021.

22. That upon the expiration of the twelve (12) months, Plaintiff's employment with the Defendants would become "at will", per the terms of the contract.

23. That no portion of the contract indicated that the Defendants may terminate or void the contract with or without cause before the expiration of the twelve (12) months.

24. That on or about the 15th of November 2021, and for some time after, Plaintiff was employed by the Defendants as "Head of Marketing."

25. That on or about the 16th day of May 2022, Plaintiff received a severance agreement from the Defendants, stating that the Plaintiff's employment was terminated effectively and offered one (1.5) month of his base salary in the amount of $21,875.00.

26. Despite Plaintiffs numerous requests, the Defendants failed to provide the Plaintiff with any lawful explanation upon which the decision was made.

27. That the Defendants wrongfully terminated the Plaintiff's employment by materially breaching the employment contract.

28. That the Defendants materially breached their contractual obligations by wrongfully terminating the Plaintiff six (6) months prior to the scheduled and guaranteed term stipulated in the contract.

29. As a result of Defendants' failure to perform pursuant to the contract between the parties, Plaintiff has incurred a loss of income in the approximate amount of one-hundred fifty thousand ($150,000.00) dollars to date and benefits associated with his employment.

30. As a result of Defendants' failure to perform pursuant to the contract between the parties, Plaintiff has incurred additional expenses in seeking new employment and mitigating damages.

### As and For a Second Cause of Action
**(Unjust Enrichment)**

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint numbered "1" through "30" inclusive with the same full force and effect as if more fully set forth herein at length.

32. As "Head of Marketing", Plaintiff expanded the Defendant's clientele and business, by creating a new platform and brand for the Company and acquiring over 6,000 new followers on the Company's social media accounts.

33. Additionally, Plaintiff produced a marketing video for the website and created a 12-month plan for the Company's new marketing approach, which both are still in the Defendant's possession.

34. That the Defendants have been and continue to be unjustly enriched because they have received and benefitted from services provided by the Plaintiff without paying for same.

35. That the Defendants have been unjustly enriched at Plaintiff's expense and to his detriment.

36. That it is unjust to permit the Defendants to retain the benefit they have obtained from the services rendered to the Defendants by the Plaintiff and from expenses incurred by the Plaintiff on the Defendants behalf.

37. That Plaintiff has sustained damages attributable to the unjust enrichment of the Defendants.

### As and For a Fourth Cause of Action
(Breach of Fiduciary Duty)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint numbered "1" through "37" inclusive with the same full force and effect as if more fully set forth herein at length.

39. As a result of the relationship between Plaintiffs and Defendants, Defendants and their employees owed Plaintiff a fiduciary duty.

40. Defendants and their employees breached that duty by failing to act pursuant to the employment contract.

41. That Plaintiff, in entering the employment contract, relied on the representations of Defendants and/or its employees that his employment was guaranteed for twelve (12) months since the start date.

42. That the failure of Defendants and/or its employees to comply with the terms of the written employment contract between the parties constitutes a breach of their

fiduciary duty owed to the Plaintiffs.

43. As a result of the Defendants and/or its employees breach, Plaintiff has suffered damages and continues to suffer.

### As and For a Fourth Cause of Action
### (Fraudulent Misrepresentation)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint numbered "1" through "43" inclusive with the same full force and effect as if more fully set forth herein at length.

45. That the Defendants and their employees had knowledge of the employment contract and the provisions contained therein.

46. That the Defendants and their employees assured the Plaintiff that his employment was guaranteed for twelve (12) months since the start date.

47. That the Defendants and their employees informed the Plaintiff that upon the conclusion of the twelve (12) months, the Plaintiff's employment would then become "at-will."

48. That the Defendants and their employees were aware that the Plaintiff was not going to accept their job offer if he was considered an "at-will" employee.

49. That the Defendants and their employees were aware that the Plaintiff would accept their job offer if the contract stated that his employment was guaranteed for a term of twelve (12) months.

50. That the Defendants and their employees represented in both their communications to the Plaintiff and in the employment contract, that the Plaintiff's employment was guaranteed for twelve (12) months and that he was not an "at-will" employee.

51. That the Defendants and their employees had no intention in upholding the representations they made in both their communications to the Plaintiff and in the employment contract, that the Plaintiff's employment was guaranteed for twelve (12) months and that he was not an "at-will" employee.

52. That the Defendants and their employees intentionally made false representations to the Plaintiff to induce him into accepting their job offer.

53. That the Plaintiff accepted the job, based on the false representations of Defendants and its employees that the Plaintiff's employment was guaranteed for a term of twelve (12) months and that the Plaintiff was not considered an at-will employee, until the twelve (12) months concluded, in accordance with the terms of the agreement between the parties.

54. As a result of Plaintiff's reliance on the false representations of the Defendant and its employees, Plaintiff has suffered damages and continues to suffer.

### As and For a Fifth Cause of Action
### (Quantum Meruit)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint numbered "1" through "54" inclusive with the same full force and effect as if more fully set forth herein at length.

56. That the Plaintiff performed marketing services to the Defendants in good faith, and with a reasonable expectation of compensation.

57. That the Defendants accepted the Plaintiff's services, and directly benefited from them.

58. That the Plaintiff is entitled to the annual salary he was guaranteed for the services rendered.

59. That the Defendants in good conscience should not be entitled to reap the benefits of the Plaintiff's services without paying Plaintiff what he is entitled to under contract and in equity.

60. As a result, Plaintiff has suffered damages and continues to suffer.

## JURY DEMAND

61.     The Plaintiff demands that the foregoing causes of action be tried before a jury.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a) On all causes of action in the amount of ONE-HUNDRED FIFTY THOUSAND (150,000.00) DOLLARS, including benefits associated with his employment, plus interest thereon; and

b) Punitive damages on the third and fourth cause of action in the amount of FIVE-HUNDRED THOUSAND (500,000.00) DOLLARS.

c) Costs and expenses of this action

d) Attorney fees, and;

e) For such other and further relief as the Court may deem just and proper.

Dated: Staten Island, New York
       July 13th, 2022

_____
BY: MAHNOOR SYED, ESQ. (MS 0024)
SGARLATO & SGARLATO, PLLC
Attorneys for Plaintiff
1444 Clove Road
Staten Island, NY 10301
(718) 273-7900

STATE OF NEW YORK         }
                          }s.s.
COUNTY OF RICHMOND        }

I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York:

**[X]** <u>**ATTORNEY'S AFFIRMATION**</u> I state that I am MAHNOOR SYED and that I am an associate in the law firm of SGARLATO & SGARLATO, PLLC, the attorneys of record for the Plaintiff in the within action. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: The file maintained in my office.

The reason this verification is made by me and not the Plaintiff in this action is that the Plaintiff resides in a County other than where my office is located.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  July 13th, 2022
        Staten Island, New York

                                        SGARLATO & SGARLATO, PLLC

                                        *[signature]*
                                        BY: MAHNOOR SYED